IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 78613-0-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| BRETT ANTHONY COFER, | |
| Appellant. | FILED: January 27, 2020 |

CHUN, J. — A jury convicted Brett Anthony Cofer on four counts of child molestation. Cofer seeks reversal, arguing ineffective assistance of counsel. He also challenges the trial court's authority to impose several conditions of community custody and a $200 criminal filing fee. We accept the State's concessions that two of the conditions of community custody are unconstitutionally vague and the $200 fee should be stricken. We affirm the convictions but remand for correction of Cofer's judgment and sentence.

## I. BACKGROUND

Based on allegations that Cofer inappropriately touched nine-year-old K.M. multiple times, the State charged Cofer with four counts of first degree child molestation. Each count further alleged the aggravating factor of an ongoing pattern of sexual abuse of the same victim. Cofer pleaded not guilty and proceeded to trial.

During opening statements at trial, Cofer's counsel told the jury that "[n]o one understands why [K.M.] is making this accusation against Mr. Cofer" and that it would see "varying degrees of inconsistency in the story that [K.M.] tells you."

K.M.'s mother testified about becoming homeless in August 2013 and leaving K.M. in the care of her former boyfriend, Cofer.[1]

On direct examination, K.M. testified about the molestation.[2] On cross-examination, Cofer's counsel elicited testimony highlighting inconsistencies between K.M.'s trial testimony and statements she gave to several others, including Detective Sergeant Darrin Wallace of the Grays Harbor County Sheriff's Office, prior to trial.

K.M.'s stepmother testified about K.M.'s disclosure of the molestation in 2017 and taking K.M. to the authorities to report the abuse. Heather McLeod, a sexual assault nurse examiner (SANE), testified about the results of K.M.'s examination, and about circumstances in which patients may delay reporting of abuse events.

Following the testimony of these witnesses, the State informed that it would be calling Sergeant Wallace to testify about prior consistent statements K.M. made to him regarding details of the molestation. The State argued that this testimony was admissible under ER 801(d)(1). Cofer's counsel did not object to Sergeant Wallace's testimony, explaining:

---

[1] Cofer and K.M.'s mother conceived a child who was age two in August 2013. K.M.'s mother also left this child in Cofer's custody during her period of homelessness.

[2] K.M. was age 13 at the time of trial.

And, Your Honor, since basically what [the prosecutor] would be asking is essentially a repetition of my cross-examination of [K.M.], I don't have an objection at this point. It's basically going to be statements that I—Sorry. Basically, it would be statements that I've already gotten from [K.M.]

. . .

And so we're clear. There was three different specific areas I—I was talking about inconsistent statements. So one was with Sergeant Wallace. The other was with the SANE nurse. And the other was with Mr. Harrison.

So it may have just gotten a little muddled up in there.

But, again, no objection.

Sergeant Wallace then testified about K.M.'s description of how Cofer molested her years earlier. In his own defense, Cofer testified that he was K.M.'s "dad from the time she was 4" years old and never touched her inappropriately.

The jury convicted Cofer as charged. The trial court sentenced Cofer to a term of total confinement of 225 months to life, lifetime community custody, numerous conditions of community custody, and imposed a $200 criminal filing fee.

Cofer appeals.[3]

## II. DISCUSSION

A. Ineffective Assistance of Counsel

Cofer argues that his convictions should be reversed because he received ineffective assistance of counsel when his attorney agreed to the admission of

---

[3] Before sentencing, Cofer moved for a new trial on grounds that his defense counsel was ineffective for failing to adequately challenge K.M.'s credibility and failing to further question K.M. about whether Cofer was circumcised. The trial court denied the motion, finding "defendant's trial counsel's decision to not present additional evidence regarding circumcision, but instead to focus on deficiencies in the State's investigation, was a legitimate strategic choice." Cofer does not appeal the denial of the motion for a new trial.

K.M.'s statements to Sergeant Wallace as substantive evidence. We disagree.

The Sixth Amendment of the U.S. CONSTITUTION and article I, section 22 of the WASH. CONSTITUTION guarantees effective assistance of counsel. State v. Hendrickson, 129 Wn.2d 61, 77, 917 P.2d 563 (1996). To prevail on a claim of ineffective assistance of trial counsel, a defendant must prove both deficient performance and prejudice.[4] State v. Jones, 183 Wn.2d 327, 339, 352 P.3d 776 (2015). We need not address both prongs of the analysis if the defendant's showing on one prong is insufficient. State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). We review claims of ineffective assistance of counsel, which is a mixed question of law and fact, de novo. Jones, 183 Wn.2d at 338-39.

We begin with a strong presumption that counsel's performance was effective. State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To rebut this presumption, Cofer must establish the absence of any "'conceivable legitimate tactic explaining counsel's performance.'" Grier, 171 Wn.2d at 33 (quoting State v. Reichenbach, 153 Wn.2d 126, 130, 101 P.3d 80 (2004)). We will not find counsel ineffective based upon decisions concerning the defense theory of the case or trial tactics.[5] See State v. Renfro, 96 Wn.2d 902, 909, 639 P.2d 737

---

[4] Establishing deficient performance requires a showing that counsel's representation fell below an objective standard of reasonableness based on consideration of all the circumstances. State v. Thomas, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). Prejudice suffices to support a claim of ineffective assistance of counsel when counsel's errors are so serious as to deprive the defendant of a fair trial. Hendrickson, 129 Wn.2d at 78.

[5] "What may seem important and favorable to the defendant after the trial may during trial have appeared inconsequential or damaging to his attorney. . . [T]herefore, the choice of trial tactics, the action to be taken or avoided, and the methodology to be employed must rest in the attorney's judgment." State v. Piche, 71 Wn.2d 583, 590, 430 P.2d 522 (1967).

4

(1982). Upon review, if defense counsel's conduct can be considered a legitimate trial strategy or tactic, counsel's performance is not deficient. Grier, 171 Wn.2d at 33. Cofer bears the burden of establishing deficient performance. Grier, 171 Wn.2d at 42.

Cofer now argues that his trial counsel "had no legitimate tactical basis not to object to K.M.'s statements to Sergeant Wallace because they were not admissible under ER 801(d)(1)(ii) and were highly damaging to the defense." We disagree.

The record makes clear the tactical approach and trial strategy adopted by Cofer's trial counsel. The defense theory throughout trial focused on K.M.'s inconsistent account of events. On cross-examination, Cofer's counsel highlighted inconsistencies between K.M.'s trial testimony and her statements to Sergeant Wallace. Defense counsel did not object to such statements, regardless of their admissibility, because counsel saw no harm in the State eliciting testimony from Sergeant Wallace that was identical to testimony K.M. gave on cross-examination (regarding what she had told Sergeant Wallace). In closing arguments, Cofer's counsel explained the defense theory by pointing to various inconsistencies in K.M.'s testimony and concluded by saying: "We don't convict people on the basis of one person's words only. Especially when they're so inconsistent as to not to be believed."

Because not objecting to K.M.'s statements to Sergeant Wallace was a legitimate trial tactic, we conclude Cofer's counsel's performance was not deficient. And because failure to prove either prong defeats an ineffective

assistance of counsel claim, we hold that Cofer's claim for ineffective assistance of counsel fails. We affirm Cofer's convictions.

B. Conditions of Community Custody

Cofer next contends that the trial court erred by imposing conditions of community custody that are unconstitutionally vague. [App.'s Br. at 20-25] Specifically, he challenges the following two conditions:

> 6. Do not frequent areas where minor children are known to congregate, as defined by the supervising Community Corrections Officer.
>
> . . .
>
> 24. Based on eligibility, enter and successfully complete identified interventions to assist you to improve your skills, relationships, and ability to stay crime free.

A condition is unconstitutionally vague if it fails to (1) provide ordinary people fair warning of proscribed conduct, and (2) have standards that are definite enough to protect against arbitrary enforcement. State v. Irwin, 191 Wn. App. 644, 652-55, 364 P.3d 830 (2015) (holding as unconstitutionally vague a condition that read: "Do not frequent areas where minor children are known to congregate, as defined by the supervising [community custody officer].").

Cofer asserts that condition 6 is unconstitutionally vague because it does not provide adequate notice of what locations are prohibited, and that condition 24 is similarly vague because it does not provide adequate notice of what conduct is required. The State concedes each error. We accept each concession and remand for the trial court to strike these conditions.

6

C. Criminal Filing Fee

Cofer argues, and the State concedes, that the $200 criminal filing fee should be stricken from his judgment and sentence due to his indigence, statutory amendments, and State v. Ramirez, 191 Wn.2d 732, 746-50, 426 P.3d 714 (2018). We accept the State's concessions and remand for the trial court to strike the filing fee from Cofer's judgment and sentence.

Affirmed and remanded.

_____
Chun, J.

WE CONCUR:

_____          _____